UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 08-231 |
| QUANTIES DAVIS | * | SECTION "L" |

**ORDER & REASONS**

Before the Court are the following motions filed by the Defendant: (1) Motion for Ore Tenus With Memorandum and Post Rehabilitation Relief (R. Doc. 1122); (2) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. Doc. 1170); and (3) Motion to Supplement/Amend § 2255 Pursuant to FRCP Rule 12(a) (R. Doc. 1203). The Court has considered the briefing submitted by the parties, as well as the applicable law and relevant facts, and is now ready to rule. For the following reasons, IT IS ORDERED that Defendant's motions are DENIED.

**I.     BACKGROUND**

On August 21, 2008, an Indictment for Violations of the Federal Controlled Substances Act and the Federal Gun Control Act was returned against the Defendant and his co-defendants. (R. Doc. 1). Count One, the only count pertaining to Defendant, alleges that the Defendant and his co-defendants, beginning at a time unknown but on or before July 15, 2007, and continuing until or about November 9, 2007, in the Eastern District of Louisiana, and elsewhere, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to distribute and to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride, both Schedule

II narcotic drug controlled substances, and a quantity of marijuana, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D), all in violation of Title 21, United States Code, section 846. *Id*.

On September 23, 2008, Defendant made his Initial Appearance, counsel was appointed to represent him, and the defendant was remanded to the custody of the U.S. Marshal. (R. Doc. 39). Lindsay A. Larson, III, was the counsel appointed to represent the Defendant. (R. Doc. 48). On September 25, 2008, Defendant was arraigned, pleading not guilty. (R. Doc. 53).

On March 11, 2009, a Bill of Information to Establish Prior Conviction was returned against the Defendant. (R. Doc. 148). In Count One, it charges that on or about July 30, 2001, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, Case Number 01-2650, the Defendant was convicted of possession of crack cocaine in violation of La. R.S. 40:967(C)(2), a felony drug offense as that term is used in Title 21, United States Code, Section 841(b)(1)(A). *Id*.

On March 12, 2009, the Defendant filed a Motion for Psychiatric Exam Pursuant to 18 U.S.C. 4241(a) and 4242(a). (R. Doc. 147). On March 24, 2009, the Magistrate Judge granted the Motion, ordering that Dr. John Thompson examine the Defendant and prepare a report to be submitted to the Court. (R. Doc. 159). Dr. Thompson submitted his sealed report on April 17, 2009. (R. Doc. 189-1). The Magistrate Judge held a competency hearing on April 30, 2009, and concluded that Defendant "is able to understand the nature of the charges against him and to properly assist in his defense." (R. Doc. 187).

On May 15, 2009, a First Superseding Indictment for Violations of the Federal

Controlled Substances Act and Federal Gun Control Act was returned against the Defendant and his co-defendants. (R. Doc. 194). Count One, the only count applicable to Defendant, provides that beginning at a time unknown but on or before January 1, 2004, and continuing until or about November 9, 2007, in the Eastern District of Louisiana, and elsewhere, the Defendant and his co-defendants, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown, to distribute and to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and five kilograms or more of cocaine hydrochloride, both Schedule II narcotic drug controlled substances, and a quantity of marijuana, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D), all in violation of Title 21, United States Code, Section 846. (R. Doc. 194). On June 4, 2009, Defendant was arraigned before the Magistrate Judge on this Court, pleading not guilty. (R. Doc. 270).

On September 29, 2009, the Court received a letter written on behalf of the Defendant and entered it into the record under seal. (R. Doc. 424). This letter raised concerns about Defendant's counsel and asked for appointment of new counsel. *See id.* Accordingly, the Court referred the matter to the Magistrate Judge for determination of whether new counsel should be appointed. *See id.* On October 13, 2009, the Magistrate Judge held a hearing to address the concerns raised in the correspondence. (R. Doc. 429). The Magistrate Judge ordered that Defendant be permitted to listen to audio tapes of the case, but Defendant's request for new counsel was denied. *Id.*

On January 14, 2010, Defendant plead guilty to Count One of the First Superceding Indictment and acknowledged the Bill of Information to Establish Prior Conviction. (R. Doc.

502). Also at this time, the Defendant and Government signed a Factual Basis and Plea Agreement. (R. Docs. 504, 505).

On December 16, 2010, the Defendant was sentenced to 240 months imprisonment. *See* (R. Docs. 910, 913). Thereafter, a Judgment was issued. (R. Doc. 913).

## II.    PRESENT MOTIONS

### A.    Defendant's Motion for Ore Tenus with Memorandum and Post Rehabilitation Relief

Defendant's first motion is a Motion for Ore Tenus with Memorandum and Post Rehabilitation Relief. (R. Doc. 1122). Defendant seeks a reduction in his sentence of 240 months to five years on the basis that the Fair Sentencing Act is applicable because, although the offense and guilty plea occurred prior to the Act, his sentencing occurred after the Act.

### B.    Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

Defendant's second motion is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (R. Doc. 1170). The first ground for this Motion is ineffective assistance of counsel. According to Defendant, his counsel did not tell him or the Court that he had obtained medical and social security records pertaining to Defendant's mental health and had these records been provided to the Court he would have received in a lower sentence. Also, Defendant claims his attorney failed to respond to his requests and failed to share discovery with the Defendant. Defendant further claims his attorney did not inform him he was subject to a sentencing enhancement. Finally, Defendant claims that despite his direction to do so, his counsel failed to object to the 240 month sentence and failed to object to the presentence investigation report.

### C.  Government's Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence

The Government filed a Response in opposition to Defendant's Motion to Vacate, Set Aside, or Correct Sentence.  (R. Doc. 1193).  The Government argues that Defendant's Motion should be denied because he failed to demonstrate prejudice caused by his counsel's representation because Defendant was sentenced to the statutory mandatory minimum sentence.  The Government notes the following in further support of its argument: the Court did have before it the Defendant's mental health evidence and history, including a competency evaluation report, when it sentenced the Defendant; even if Defendant was not shown his discovery, he still persisted with his guilty plea and sentencing without raising any objections; and these two claims had no effect on Defendant's sentence because it constitutes the statutory mandatory minimum sentence.

Additionally, the Government argues that Defendant is not entitled to a reduction in his sentence under the Fair Sentencing Act because such a reduction is inconsistent with the recent Fifth Circuit jurisprudence on the issue.

### D.  Defendant's Motion to Supplement/Amend § 2255 Pursuant to FRCP Rule 12(a)

Defendant's third motion is a Motion to Supplement/Amend § 2255 Pursuant to FRCP Rule 12(a). (R. Doc. 1203).  Defendant first argues in this Motion that his sentence should be vacated and the indictment dismissed on the basis of lack of territorial jurisdiction.  He alleges that the Indictment only alleges the offenses were committed in Louisiana which is "vague" and "devoid of a 'specific location,'" voiding the Indictment for failure to allege essential elements of the offenses.  He further argues that the "district court has failed to prove that the allege (sic)

crime was in fact a federal crime instead of a local crime." According to the Defendant, "a U.S.D.C. is a mere territorial court which had no authority to arraign or indictment (sic) within a state of the union," and he asks the Court to "explain why it is fraudulently operating as a U.S.D.C. when its lawful identity is a District Court of the United States."

Second, Defendant argues ineffective assistance of counsel on the bases that his counsel failed to file a pretrial motion to dismiss the indictment for failing to charge an offense and/or failing to include each "essential element" of the offense. He accuses counsel of engaging in fraud against the Court for filing all motions and pretrial motions under the unlawful authority of the United States District Court. These offenses, according to Defendant, caused him to plead guilty to a non-existent crime.

Third, Defendant argues that his guilty plea was not knowingly, voluntarily, or intellectually made because his counsel's erroneous advice caused him to plead guilty to a non-existent crime.

Defendant seeks immediate release from imprisonment.

### E.     Defendant's Response and Opposition to Government's Memorandum to § 2255

The Defendant also filed a Response and Opposition to Government's Memorandum to § 2255. (R. Doc. 1214). At the outset, Defendant claims he is a high school drop out, ignorant of the law, and a drug user, not seller. He argues that his counsel caused him prejudice because he failed to share evidence with the Defendant, his counsel told him to plead guilty, his counsel told him he would only be responsible for the amount of drugs attributed to Defendant, and Defendant wrote several letters to the Court complaining of his counsel's inaction and failure to provide him with discovery, file motions, and file objections. Defendant admits the Court

advised him of the maximum penalties, but claims he was not aware of the minimum sentence he faced, especially since his attorney advised him his sentence would be ten years. Defendant argues the waiver of his appeal right was not knowing and voluntary because he was ineffectively counsel on this waiver, he is ignorant of the law, he has a learning disability, and he has an exceptionally-low IQ of below 70. Defendant further claims his counsel was ineffective in failing obtain his mental and social security records which would have demonstrated the severity of his mental illness. Defendant also argues that he is eligible for a reduction of his sentence even though he was sentenced to the statutory mandatory minimum. Finally, Defendant argues that he is entitled to a downward departure based upon his mental health issues.

### III.    LAW & ANALYSIS

#### A.    Waiver of Collateral Proceedings

Defendant seeks to challenge his conviction through the use of collateral proceedings. However, the Plea Agreement entered into by the Defendant and the Government precludes Defendant from doing so, except that Defendant "may bring a post conviction claim if [he] establishes that ineffective assistance of counsel directly affected the validity of [the] waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." (R. Doc. 505, p.2). Thus, the Court must first determine whether ineffective assistance of counsel voids the waiver of Defendant's collateral challenge rights or his guilty plea.

#### B.    Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court announced the two-pronged standard for a defendant to prevail on an ineffective assistance of counsel argument. First, the defendant must show that counsel's performance was deficient and second

that this deficient performance caused the defendant prejudice. *Id*. "A number of practical considerations are important" in considering an ineffective assistance of counsel claim. *Id.* at 696. There are no "mechanical rules," and the focus of the inquiry is "fundamental fairness." *Id*.

With regard to the first prong, "[t]his requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "[T]he proper standard for attorney performance is that of reasonably effective assistance....[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* Reasonableness in this context is that "under prevailing professional norms." *Id.* Reasonableness also must be determined "considering all the circumstances." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

> Thus, a court deciding an actual ineffective assistance claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id*. at 690.

With regard to the second prong under *Strickland*, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, trial whose result is reliable." 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 591. "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 592. The defendant must affirmatively prove prejudice. *Id.* "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 593. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 695.

### C.  Ineffective Assistance of Counsel in Entering Guilty Plea & Plea Agreement

As noted above, in order for Defendant to bring the present collateral challenges to his sentence, he must demonstrate first that ineffective assistance of counsel rendered his guilty plea and/or the plea agreement null and void. Defendant argues that ineffective assistance of his counsel rendered his guilty plea unknowing, involuntary, and unintelligent.

"Given the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], and intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *United States v. Ruiz*, 536 U.S. 622 (2002)(quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "'The negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Rivas-Lopez*, —F.3d—, 2012 WL 1326676, at *2 (5th Cir. Apr. 18, 2012)(quoting *Padilla v. Kentucky*, —U.S.—, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010)). The Fifth Circuit recognizes that providing counsel to assist a defendant in deciding whether to plea guilty

-9-

or not is "one of the most precious applications of the Sixth Amendment." *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

"When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he make an intelligent choice." *Rivas-Lopez*, —F.3d—, 2012 WL 1326676, at *2 (citing *Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995)). The Fifth Circuit has "long recognized that Fed.R.Crim.P. 11 provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). Confirmations of understanding the Rule 11 admonishments made under oath are potent evidence that a plea was entered into knowingly and voluntarily. *United States v. Esquivel-Solis*, 332 Fed.App'x 944, 946 (5th Cir. 2009). "When considering challenges to guilty plea proceedings [the Fifth Circuit has] focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Id*. The Supreme Court "has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant may labor." *United States v. Ruiz*, 536 U.S. 622, 630 (2002). "For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Defendant accuses his counsel of failing to inform him of the sentencing enhancement pursuant to the Bill of Information. A claim of misinformation from counsel regarding the length of sentence is not a sufficient basis to set aside a guilty plea where the court properly advised the defendant about the possibly maximum penalty. *Gracia*, 983 F.2d at 629. Here, the Court informed the Defendant during his rearraignment proceeding that the statutory penalties he faced by pleading guilty included a minimum term of imprisonment of 20 years. *See* Tr. Rearraignment Hr'g (Jan. 14, 2010). The Court then asked the Defendant if he understood he faced a minimum imprisonment of 20 years, to which the Defendant responded in the affirmative. *See id.* Next, the Court informed the Defendant that whether or not his counsel's estimate of his sentencing range is accurate has no bearing on the effectiveness of his plea. *See id.* Additionally, the Plea Agreement, which the Defendant acknowledged in open court and which he signed, states that Defendant faced a 20 year statutory mandatory minimum sentence. *See* (R. Doc. 505, p.2). The Plea Agreement also states that "the defendant understands that any discussions with the defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes." *Id.* at p.3. Thus, even if Defendant's counsel did not inform him of the 20 year statutory mandatory minimum he faced due to the sentencing enhancement, the Defendant was thoroughly advised of this information by the Court and the plea agreement, and as a result suffered no prejudice as required for ineffective assistance of counsel. *See United States v. Walker*, 418 Fed. App'x 359 (5th Cir. 2011).

Defendant also accuses his counsel of improperly advising him to plea guilty. The Court

finds such advise does not constitute ineffective assistance of counsel under the law as discussed above, particularly since by entering into the plea agreement the Defendant avoided a double bill of information for Defendant's two or more prior felony drug convictions, which would have subjected the Defendant to a mandatory life sentence pursuant to Title 21, United States Code, Section 841(a)(1)(A).  Additionally, Defendant has not demonstrated that such advice fell below a standard of reasonableness or that the advice prejudiced him.

Additionally, Defendant argues that by failing to obtain his medical and social security records which demonstrate his limited mental capacity and fragile mental health, his counsel provided ineffective assistance of counsel.  The Court ordered that Defendant undergo a psychiatric examination, *see* (R. Doc. 189), and based upon the results therein, the Magistrate Judge determined hat the Defendant was "able to understand the nature of the charges against him and to properly assist in his defense."  (R. Doc. 187).  Defendant does not argue that the failure of his counsel to obtain his mental health records rendered his guilty plea unknowing, involuntary, or unintelligent, only that such information would have affected the length of his sentence.  However, because Defendant faced a statutory mandatory minimum and was sentenced to this minimum, this information would have had no bearing on his sentence.  *See United States v. Phillips*, 382 F.3d 489, 498-99 (5th Cir. 2004)("[T]he district court's ability to depart downward from an otherwise applicable statutory minimum is limited to the circumstances explicitly set forth in 18 U.S.C. § 3553(e) and  § 3553(f).").  Further, during the rearraignment hearing, under oath, Defendant stated he understood the proceeding and his counsel affirmed that Defendant was competent to plea at the time.  *See* Tr. Rearraignment Hrg.  Because Defendant was medically and legally determined competent to plea guilty, the Court

finds the ineffective assistance argument pertaining to failure to obtain medical records also fails.

Defendant also argues that his counsel was ineffective because he failed to sufficiently and appropriately communicate with Defendant and he failed to share discovery and evidence with the Defendant. The Defendant does not explain how these claims affected his guilty plea. During the rearraignment hearing, under oath, Defendant affirmed he had sufficient opportunity to discuss the case with his attorney and he was satisfied with the services of his attorney. *See* Tr. Rearraignment Hr'g. Further, Defendant signed the Factual Basis which sets out the evidence supporting his conviction; *see* (R. Doc. 504), he also stated under oath, in open court, that he understood the Government's evidence and he agreed this evidence constituted an accurate portrayal of the offenses. *See* Tr. Rearraignment Hr'g. Thus, the Court finds that even assuming his counsel failed to communicate with him and share evidence, Defendant was not prejudiced by such inaction.

For the foregoing reasons, the Court finds that Defendant fails to demonstrate that ineffective assistance of counsel rendered his plea null and void. Accordingly, Defendant is barred from pursuing his collateral claims under 28 U.S.C. § 2255 and his motions brought under this statute are properly denied. *See* (R. Doc. 505)("The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.").

    **D.**    **Fair Sentencing Act**

Although Defendant's § 2255 motions are barred by the waiver in the Plea Agreement, because the Court construes Defendant's motion for application of the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220 Stat. 2372, as one pursuant to 18 U.S.C. § 3582, it is not barred by the waiver. Nonetheless, this motion is properly denied as well. Defendant's posture is the same as the defendants in the Fifth Circuit's recent pronouncement involving the FSA in *United States v. Tickles*, 661 F.3d 212 (5th Cir. 2011). Specifically, the defendants therein and the Defendant herein were convicted of offenses involving crack cocaine which occurred prior to the passage of the FSA, but were sentenced for these offenses after the enactment of the FSA. *See id.* The Fifth Circuit held that in such circumstances, "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." *Id*. at 215. Accordingly, Defendant is not entitled to a sentence reduction under the FSA.

**IV.**    **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the following motions filed by the Defendant are DENIED: (1) Motion for Ore Tenus With Memorandum and Post Rehabilitation Relief (R. Doc. 1122); (2) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. Doc. 1170); and (3) Motion to Supplement/Amend § 2255 Pursuant to FRCP Rule 12(a) (R. Doc. 1203).

New Orleans, Louisiana, this 16th day of May 2012.

                                        */s/ Eldon E. Fallon*
                                        UNITED STATES DISTRICT JUDGE

Clerk to serve:

Quanties Davis, #30777-034
FCC Complex (Medium)
P.O. Box 26040
Beaumont, TX   77720